**Leonardrow SMITH, Petitioner-Appellant,**

v.

**David BERGH, Respondent-Appellee.**

**No. 15-1699**

United States Court of Appeals, Sixth Circuit.

Filed February 02, 2017

**340**

Leonardrow Smith, Pro Se.

Elizabeth Mae Rivard, Bruce H. Edwards, Office of the Attorney General of Michigan, Lansing, MI, for Respondent-Appellee.

Before: CLAY, KETHLEDGE, and STRANCH, Circuit Judges.

### ORDER

Leonardrow Smith, a Michigan prisoner proceeding pro se, appeals from the district court's judgment denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

On September 9, 2009, Detroit Police Officers Heather Hale and Michael Sova were shot after pulling their squad car behind an illegally parked vehicle driven by Smith. Based on his involvement in the shooting, Smith was charged with two counts of assault with intent to murder, Mich. Comp. Laws § 750.83, two counts of assault with intent to do great bodily harm less than murder, *id.* § 750.84, resisting or obstructing a police officer causing bodily injury requiring medical attention, *id.*

§ 750.81d(2), two counts of resisting or obstructing a police officer causing a serious impairment of a bodily function, *id.* § 750.81d(3), possession of a firearm by a felon, *id.* § 750.224f, and possession of a firearm during the commission of a felony, *id.* § 750.227b.

The trial court conducted a two-day bench trial, at which eight witnesses testified for the prosecution. The defense did not present any evidence. After hearing the state's evidence and argument from both parties, the trial court found that Smith had shot the officers from a distance of fifty or more feet while running away from them northbound and through a vacant lot northeast of the officers' squad car. Based on these findings of fact, the trial court acquitted Smith on both counts of assault with intent to murder. But, finding that Smith knew or should have known that his actions could cause serious bodily injury, the trial court found Smith guilty on both counts of assault with intent to do great bodily harm. The trial court also found Smith guilty of the remaining charges, save for one count of resisting or obstructing a police officer causing a serious impairment of a bodily function. The trial court sentenced Smith to an effective sentence of ten to twenty-five years. The Michigan Court of Appeals affirmed, *People v. Smith*, No. 297164, 2011 WL 1775869 (Mich. Ct. App. May 10, 2011) (per curiam), and the Michigan Supreme Court denied leave to appeal.

Smith then filed a federal habeas petition, which the district court held in abeyance to allow him to exhaust additional claims in state court. Smith's attempts at state post-conviction relief were unsuccessful. The district court then permitted Smith to file an amended habeas petition. Concluding that Smith's claims did not warrant relief, the district court denied the amended petition and granted a certificate

of appealability (COA) only on Smith's claim that trial counsel was ineffective for failing to locate, interview, or call witnesses who would have testified that Smith was not the shooter. This court expanded the COA in part to include Smith's related claim that appellate counsel was ineffective for failing to argue that trial counsel was ineffective for failing to locate, interview, or call these witnesses. *Smith v. Bergh*, No. 15-1699 (6th Cir. Aug. 22, 2016) (order).

On appeal, Smith argues that the district court erred in denying him relief on his two certified claims.

In an appeal from a district court's denial of a § 2254 petition, we review the district court's legal conclusions and "factual determinations based on its review of trial transcripts and other court records" de novo. *Loza v. Mitchell*, 766 F.3d 466, 473 (6th Cir. 2014) (quoting *Dando v. Yukins*, 461 F.3d 791, 796 (6th Cir. 2006)). Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal court may not grant habeas relief with respect to a claim adjudicated on the merits in state court unless the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," 28 U.S.C. § 2254(d)(1), or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2). "Claims that were not 'adjudicated on the merits in State court proceedings' receive the pre-AEDPA standard of review: de novo for questions of law (including mixed questions of law and fact), and clear error for questions of fact." *Robinson v. Howes*, 663 F.3d 819, 823 (6th Cir. 2011). The

parties do not dispute that, because the Michigan Court of Appeals denied Smith's ineffective-assistance claims on procedural grounds, the pre-AEDPA standard of review applies.[1]

The Supreme Court's holding in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), governs Smith's ineffective-assistance claims. To prevail, Smith must first "show that counsel's performance was deficient" by "an objective standard of reasonableness," meaning that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687–88, 104 S.Ct. 2052. "Second, the defendant must show that the deficient performance prejudiced the defense," meaning that Smith "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 687, 694, 104 S.Ct. 2052. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. 2052.

Smith argues that trial counsel was ineffective in failing to locate, interview, or call witnesses who would have testified that Smith was not the shooter. In support of this claim, Smith has tendered the affidavits of four bystanders to the shooting, who aver that Smith's backseat passenger, "Lil Marcus," rather than Smith, shot the officers on the day in question. Specifically, the affiants state that, after the officers exchanged words with Lil Marcus, Lil Marcus walked towards the officers quickly, pulled out a gun, and shot them. The affiants further state that they attended Smith's trial and approached trial counsel

---

1. The district court exercised its discretion to forgo analyzing whether Smith procedurally defaulted his ineffective-assistance claims, and we skip to the merits as well. *See Lyons v. Stovall*, 188 F.3d 327, 333 (6th Cir. 1999).

about testifying, but were never called to the stand. Smith claims that, had trial counsel located, interviewed, and called these witnesses, they "would have 'critically added to the strength of his case.' "

Even assuming that trial counsel's failure to locate and interview these witnesses fell below an objective standard of reasonableness, Smith has failed to establish that he suffered prejudice as a result of trial counsel's failure to call these witnesses to the stand. The evidence against Smith, while not overwhelming, was significant: Sova identified Smith as the shooter, although the physical evidence contradicted his claim that Smith initially shot him from ten feet away; Smith's front-seat passenger, Mead Sterling, testified that Smith shot at the officers while running away from them northbound; Smith's cousin, Shaquita Roy, testified that Smith came to her house after the shooting and confessed to shooting an officer that day; and an investigating officer testified that, after Smith was arrested at Roy's house, he admitted to shooting at the ground while running from the officers. As for the physical evidence, the shell casings recovered from the scene indicated that the shooter fired while running northbound and through a vacant lot leading to Roy's house, a trajectory consistent with the testimony of Sterling, Roy, the investigating officer, and—albeit to a lesser extent— Sova, who testified that Smith continued shooting as he retreated northbound from the officers.

In light of this evidence, the affiants' testimony would not have been particularly compelling. Unlike Roy, who testified to her familiarity with Smith, the affiants failed to explain their familiarity with either Smith or Lil Marcus. And the affiants' claim that Lil Marcus was a passenger in Smith's car, although consistent with the post-arrest statement that the investigat-

ing officer testified Smith gave, conflicts with the testimony of Sterling, Sova, and Hale, who testified that Sterling was Smith's only passenger. Moreover, the affiants' version of the events—that Lil Marcus approached the officers and shot them at close range—conflicts with the physical evidence, which established that the officers were fired on from more than fifty feet away. There is no reason to believe that the trial court, which found Sova's testimony as to Smith's initial shots incredible based on the conflicting physical evidence, would have found the affiants' comparable testimony sound.

As the district court concluded, the outcome could have been worse. Had trial counsel reduced Smith's case to a credibility determination over whether Smith or Lil Marcus was the shooter, "Smith would have been without the benefit of having forwarded a theory that he was the shooter but shot without intent—a substantial defense to his most serious charge of assault with intent to murder," and one that trial counsel successfully litigated on his behalf. Under these circumstances, Smith has not shown that trial counsel's alleged error "undermine[s] confidence in the outcome" of his trial. *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052.

Smith also argues that appellate counsel was ineffective in failing to argue that trial counsel was ineffective for failing to locate, interview, or call the four affiants. But because Smith is unable to establish prejudice on his ineffective-assistance-of-trial-counsel claim, it follows that he cannot establish prejudice on his related ineffective-assistance-of-appellate-counsel claim.

For these reasons, we **AFFIRM** the district court's judgment.